**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIA JOSE MORALES-ESPANA, | No. 11-70720 |
| Petitioner, | Agency No. A095-717-514 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 21, 2015**

Before:     CANBY, BEA, and MURGUIA, Circuit Judge.

Maria Jose Morales-Espana, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal

from an immigration judge's ("IJ") decision denying her application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

      *     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

      **    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo

questions of law and review for substantial evidence the agency's factual findings.

*Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny in part, dismiss

in part, and grant in part the petition for review, and we remand.

The record does not compel the conclusion that Morales-Espana established

changed or extraordinary circumstances to excuse the delay in filing her asylum

application. *See* 8 C.F.R. § 1208.4(a), (5); *see also Husyev v. Mukasey*, 528 F.3d

1172 ,1181-82 (9th Cir. 2008). Thus, we deny the petition for review with respect

to asylum.

We lack jurisdiction to consider Morales-Espana's contentions regarding

CAT relief because she did not appeal the IJ's denial of her CAT claim to the BIA.

*See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). Thus, we dismiss the

petition as to Morales-Espana's CAT claim.

In denying withholding of removal, however, the BIA found Morales-

Espana failed to establish past persecution or a fear of future persecution on

account of a protected ground. When the BIA issued its decision in this case, it did

not have the benefit of this court's decisions in *Henriquez-Rivas v. Holder*, 707

F.3d 1081 (9th Cir. 2013) (en banc), *Cordoba v. Holder*, 726 F.3d 1106 (9th Cir.

2013), and *Pirir-Boc v. Holder*, 750 F.3d 1077 (9th Cir. 2014), or the BIA's

decisions in *Matter of M-E-V-G-*, 26 I. & N. Dec. 227 (BIA 2014), and *Matter of W-G-R-*, 26 I. & N. Dec. 208 (BIA 2014). Thus, we remand Morales-Espana's withholding of removal claim to determine the impact, if any, of these decisions. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam). In light of this remand, we do not reach Morales-Espana's remaining challenges to the agency's denial of her withholding of removal claim.

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part; GRANTED in part; REMANDED.**